

# The Attorney General of Texas

August 20, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George W. McNiel
Auditor of the State of Texas
Sam Houston State Office Building
Austin, Texas 78711

Opinion No. MW-220

Re: Whether junior colleges are required to collect tuition for non-credit vocational technical courses

Dear Mr. McNiel:

Your request for an opinion concerns the following rider to the General Appropriations Act of 1977:

> On or before the dates for reporting official enrollments each semester to the Texas Education Agency, each Public Junior College shall collect in full from each student that is to be counted for State Aid purposes the amounts set as tuition by the respective governing boards.

Acts 1977, 65th Leg., ch. 872, at 3005. A similar provision appears in the current appropriations act. Acts 1979, 66th Leg., ch. 843, at 2781.

You ask the following questions:

> 1. Does the appearance of this provision at this place in the General Appropriations Act establish a requirement to collect tuition for non-credit vocational-technical courses?

> 2. May the governing board of a public junior college set a tuition and/or fee rate of zero for non-credit vocational-technical courses reported for funding through the Texas Education Agency? If not, is the rate to be charged left to the discretion of the board?

> 3. Is tuition collection required for vocational-technical credit courses funded through the Texas Education Agency?

Each semester, public junior colleges submit reports of official enrollments to the Coordinating Board, Texas College and University

System, and to the Texas Education Agency. These reports are used in determining future state appropriations. Even though the Coordinating Board generally oversees the operation of public junior colleges, see section 130.001, Education Code, the Texas Education Agency, by virtue of its responsibility to administer vocational education in Texas public schools, provides funds for vocational education to public junior colleges. See Educ. Code §§ 11.41, 11.42, ch. 31. Public junior colleges must, therefore, report all contact hours for vocational-educational courses to the Texas Education Agency and all hours for academic courses to the Coordinating Board. The language of the appropriations provision cited therefore refers to tuition collection for vocational education courses.

Public junior colleges wishing to participate in state funding must comply with section 54.051 of the Education Code. See Educ. Code §130.003(b)(4), Attorney General Opinions MW-38 (1979); H-103 (1973). Without exception, all provisions of section 54.051 which could apply to junior colleges require tuition per semester credit hour.

As your letter suggests, it apparently has been generally understood, both by your office and by the various junior colleges, that the phrase "semester credit hours" in section 54.051 means that tuition must be assessed for all courses offered for credit, but not for non-credit courses. We conclude that this is a reasonable interpretation of this section, and that any course, whether academic or vocational, offered for credit in a public junior college wishing to participate in state funding must be offered on a tuition basis. By necessary implication, no tuition is required for non-credit courses.

Since no statute requiring tuition for non-credit courses exists, the governing board of each junior college may, under the terms of section 130.002 of the Education Code, set tuition and/or fee rates for non-credit courses. Section 130.002 states:

> All authority not vested by this chapter or by other laws of the state in the coordinating board or in the Central Education Agency is reserved and retained locally in each of the respective public junior college districts or in the governing boards of such junior colleges as provided in the laws applicable.

Therefore, in answer to your second question, rates charged for non-credit courses are left to the discretion of the governing boards of public junior colleges, which discretion necessarily includes setting a fee rate of zero.

We answer your first question in the negative. It does not appear from the plain language of the subject appropriations provision that the legislature intended to impose a tuition structure on public junior colleges. Instead, only such tuition as the various governing bodies deem appropriate need be collected by the specified date.

## S U M M A R Y

A rider to the General Appropriations Act found at Acts 1977, 65th Legislature, chapter 872, at 3005, does not establish

a requirement to collect tuition for non-credit vocational technical courses.

A governing board of a public junior college has full discretion in setting tuition and/or fees for non-credit vocational-technical courses, including a fee rate of zero. Tuition is required, however, for vocational-technical courses taken for credit pursuant to sections 54.051 and 130.003(b)(4) of the Education Code.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W FAINTER, JR.
First Assistant Attorney General

Prepared by Eva Loutzenhiser
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Eva Loutzenhiser